## THOMAS *v.* YOUNGBLOOD *et al.*

1. The evidence was sufficient to support the verdict.
2. The plaintiff sought to cancel, as a cloud upon her title, a deed made by her mother to her son, conveying a lot of land assigned to her in the partition of her father's estate. The defendant pleaded that the plaintiff and her mother orally agreed to exchange lands, which exchange had been mutually recognized for more than thirty years by various acts, such as paying taxes, renting the land, and the like. In trying this issue the circumstances under which the defendant procured the deed from the plaintiff's mother were irrelevant; as the plaintiff based her right to maintain her action as a devisee of her father, and not as heir at law of her mother.

JUNE 17, 1910.

Equitable petition. Before Judge Lewis. Baldwin superior court. April 20, 1909.

*Kenan & Crawford,* for plaintiff.

*Allen & Pottle,* for defendants.

EVANS, P. J. Jackson Rice devised a lot of land to be equally divided between his wife, Hannah, and his four children, one of whom was named Laura. The division was made by commissioners appointed by the court of ordinary. The commissioners divided the land by lot, and Hannah drew lot number 3, and Laura lot number 5. The commissioners made their return which was made the judgment of the court in 1876. Laura Rice, who had intermarried with one Thomas, brought suit against her son, Tom Thomas, and J. M. Youngblood, alleging that after the division her mother Hannah Rice was disappointed that she failed to draw lot number 5, which contained the residence of her late husband, and, prompted by filial affection, she agreed to let her mother live thereon; and as her mother increased in years she became very feeble, and Laura lived with her and assisted in taking care of her. She alleges, that on Sunday, January 25, 1906, while she and the others were away from home, her son Tom Thomas procured her · mother to make him a deed to her land, known as lot number 5, which he afterwards sold to his codefendant Youngblood; that at the time of the making of the deed her mother's mental and physical condition were such that she did not have sufficient capacity to make a binding contract; and that Youngblood had knowledge of the facts at the time of his purchase. She prayed a cancellation of the deed from her mother to her son, and of the son's deed to Youngblood, as a cloud upon her title. The defendants in their answer averred, that immediately after the division of the estate of Jackson Rice, in which lot number 5 was assigned to Laura and lot number 3 to Hannah, Laura and Hannah agreed orally to exchange the lots; that since that time both have recognized such interchange, Laura returning lot number 3 for taxation, and Hannah number 5 for taxation, and that in all their subsequent dealings with the land each recognized that the title to number 5 was in Hannah and to number 3 in Laura. They admitted that Hannah conveyed the land to Tom Thomas by deed executed at the time alleged, but denied that Hannah was incapable of making a valid contract at the time. The trial resulted in a verdict for the defendants. The court refused a new trial, and the plaintiff excepts.

1. The controlling point in the case as made by the pleadings and evidence was whether there had been an interchange of the

property in 1876, upon which both of the parties had acted since that time. Upon this subject the evidence was conflicting, but was sufficient to support a finding that Laura and Hannah, after the division of the property of Jackson Rice in 1876, exchanged the lands assigned to them in the division, and had mutually recognized each other's title in the property exchanged, by various acts, such as paying the taxes, renting the land, and the like.

2. The court refused to allow the plaintiff to show by witnesses that at the time her mother executed her deed to plaintiff's son she was non compos mentis, and without capacity to make the deed; and also refused to allow witnesses to testify that the deed from her mother to her son was executed on Sunday. The plaintiff's contention as presented by her petition was that the title to lot number 5, which she obtained in the division of her father's estate, had never passed out of her, and her right to have the deed cancelled as a cloud upon her title was based upon her ownership of the land, as devisee of her father. She did not sue as heir at law of her mother, but based her cause of action upon her title derived from her father's will. The evidence rejected was irrelevant to the issue as made by the pleadings.

*Judgment affirmed. All the Justices concur.*